Irving Trust Company, Trustee, *v.* Robinson & Magid, Inc., Appellant.

Argued October 10, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and James, JJ.

*Philip Dorfman,* and with him *J. Jerome Katz,* for appellant.

*Lionel Teller Schlesinger,* for appellee.

Opinion by Stadtfeld, J., December 18, 1934:

This is an appeal by defendant from a judgment entered on a directed verdict in an action of assumpsit in which the Irving Trust Company, trustee in bankruptcy for Honeybelle Dress Company, was plaintiff and Robinson & Magid, Inc., was defendant.

The statement of claim avers: "1. The Honeybelle Dress Company, Inc. received, from the defendant, certain material owned by the defendant, for the purpose of manufacturing into dresses, at defendant's request, and, ...... performed the work, labor and services required and necessary to make said material into finished dresses, and delivered said finished dresses to the defendant, and at the charges set forth in the true and correct copy of the book of original entry of the Honeybelle Dress Company, Inc., attached hereto and made part hereof."

"2. The prices charged by the Honeybelle Dress Company, Inc., for said work, labor and services were the prices which the defendant orally promised and agreed to pay the Honeybelle Dress Company, Inc. therefor." Plaintiff claimed a balance of $931.85 with interest due it, according to copy of the book of original entry. In it the defendant's charges for the material consigned by it to the Honeybelle Dress Company, Inc., were in turn credited to the defendant, in like amount, in the price for the finished dresses.

The affidavit of defense admits "that the Honeybelle Dress Company, Inc., received from the defendant certain *material owned by the defendant for the purpose of manufacturing the same into dresses,* and it is admitted that the Honeybelle Dress Company, Inc., performed certain work, labor and services required and necessary to make said material into finished dresses." (Italics supplied). It however denied the correctness of the credit on June 19, 1933, on the copy of the book of original entries attached to plain-

tiff's statement, in the sum of $1,153.25, and averred that the material delivered by defendant to plaintiff on or about June 8, 1933, to-wit: 4,613 yards, should have been credited at 45¢ per yard, or a total of $2,075.85, making an additional credit of $922.60. It further averred that the said charge was made by the defendant against the plaintiff in accordance with the practice existing between the defendant and the Honeybelle Dress Company, Inc., and the said price was the price at which the said Honeybelle Dress Company, Inc. agreed to accept the said 4,613 yards.

It denies the averments of paragraph 2 for the same reasons set forth in the last preceding paragraph. It also admitted that it received and accepted the finished dresses and sold the same.

At the trial of the case plaintiff offered in evidence the portions of the statement of claim, supra, as not denied, as also the book entries, all of which the court admitted; also that the Honeybelle Dress Company, Inc., was duly adjudicated bankrupt, and on August 8, 1933, the Irving Trust Company was appointed trustee in bankruptcy.

On behalf of defendant, David J. Rosenberg, president of Honeybelle Dress Company was called as for cross-examination. He testified that his company had had numerous transactions with the defendant, consisting of manufacturing into dresses merchandise which defendant company delivered to it; that the merchandise delivered to it, in the amount of 4,613 yards, was delivered under the same terms and conditions under which previous merchandise had been delivered to it.

Jacob Magid, of defendant company, testified that he paid twenty-five cents a yard for the goods; that the Honeybelle Dress Company made up the goods from the raw material which he sent them.

The court excluded offers of testimony, ex parte de-

fendant, on objection of plaintiff, as to the prices at which the plaintiff agreed to accept the particular goods in question—4,613 yards; also as to the circumstances and pursuant to what agreement they were delivered to plaintiff; also that plaintiff agreed to receive the same at forty-five cents per yard instead of twenty-five cents before the merchandise was purchased.

The court directed a verdict in favor of plaintiff for the full amount of its claim. Motion for new trial was overruled in an opinion by the court in banc consisting of WALSH, LEWIS and KNOWLES. From the judgment entered on the verdict this appeal was taken.

The assignments of error relate to the exclusion of the testimony referred to supra. The trial judge based the exclusion of said testimony on the ground that the same was irrelevant and immaterial under the pleadings.

The sole question involved is the correctness of the credit allowed by the bankrupt plaintiff to the defendant, covering the delivery by the defendant under date of June 8, 1933 of 4,613 yards of goods. The bankrupt credited defendant with twenty-five cents per yard or $1,153.25, and defendant claimed it charged the bankrupt forty-five cents per yard, or $2,075.85.

As stated in the opinion of the lower court: "This action was brought to recover for work and labor done in the manufacture of dresses by the plaintiff from material furnished by the defendant. Under the practice between the parties the defendant sent its own material to the plaintiff, charged the plaintiff with the cost of the material and the plaintiff would then make the material into finished dresses for the defendant. The plaintiff would charge the defendant for the work and labor involved and the cost of the material as charged to it by defendant, and, in turn, would credit the defendant with the cost of such material.

......Therefore, it would seem that it was immaterial what price the defendant charged the plaintiff for the raw material because the plaintiff was paid only for its work, labor and findings in manufacturing the raw material into finished dresses ...... There was no reason for the Honeybelle Dress Company, Inc., to agree to pay any price for the material sent it by defendant. It did not buy the goods. It merely made the goods into dresses. That is admitted in paragraph one of the affidavit of defense ...... It is, therefore, apparent from this admission that the charges made by plaintiff to defendant were only for work, labor and services, and not for material, because whatever the cost or charge for these materials might be, was debited and credited by plaintiff according to the practice between the parties, and properly so, as the net charge was only for work, labor and such findings as were necessary to put into the dresses."

Nothing can be profitably added to what is said by the lower court. We do not think that the trial judge erred in the exclusion of the testimony referred to, as it was immaterial and irrelevant under the pleadings. Pleadings would serve no purpose if parties were not controlled thereby. If plaintiffs were interested in anything other than the manufacture of the goods for which it was to be paid for the labor connected therewith, the pleadings are silent in relation thereto.

The assignments of error are overruled and judgment affirmed.